**Roger L. BROWN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 12A02–0901–CR–1.**

Court of Appeals of Indiana.

Oct. 30, 2009.

Transfer Denied Dec. 17, 2009.

Transfer Granted Dec. 17, 2009.

John D. Fierek, Voyles, Zahn, Paul, Hogan, & Merriman, Indianapolis, IN, for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, for Appellee.

**OPINION ON REHEARING**

CRONE, Judge.

In our original opinion, we affirmed Roger L. Brown's convictions for class D felony operating a vehicle while intoxicated resulting in bodily injury. *Brown v. State,* 911 N.E.2d 668 (Ind.Ct.App.2009). The first of three issues we addressed was whether the trial court abused its discretion in admitting evidence of Brown's horizontal gaze nystagmus ("HGN") test. Our original opinion reads in pertinent part as follows:

> On August 19, 2006, Brown left Lebanon, driving north toward Frankfort on State Road 39. At the same time and on the same road, Tonya Mongonia and her five-year-old daughter were driving southbound. The two vehicles collided in the northbound lane about one mile south of State Road 39 and County Road 430 South. Skid marks from Brown's truck indicated that he was driving north in the southbound lane at nearly seventy miles per hour. Brown nearly drove off the road before moving back into his proper lane just before impact.
>
> Indiana State Police Trooper Richard Kelly came upon the accident at around 4:00 p.m. and approached Brown, who was alone in the truck. Trooper Kelly observed that Brown's eyes were glassy and bloodshot, that his speech was slurred, that he smelled of alcohol, and that he was unsteady when he exited his truck. Brown admitted that he had consumed four or five beers in Lebanon. Trooper Kelly placed Brown in his patrol car while he went to check on the second vehicle. While in Trooper Kelly's vehicle, Brown defecated in his

pants. Two other officers who later arrived on the scene also noticed that Brown's eyes were glassy and bloodshot and that he smelled of alcohol.

During the accident investigation, Trooper Michael Krueger administered a horizontal gaze nystagmus ("HGN") test to Brown. Brown failed the HGN test after he exhibited four clues in the first two parts of the test. . . .

On October 4, 2006, the State charged Brown with two counts of class C felony operating a vehicle with a blood alcohol content of .08 % or more resulting in serious bodily injury, two counts of class C felony operating while intoxicated resulting in serious bodily injury, one count of class D felony operating while intoxicated, and one count of class D felony operating with a blood alcohol content of .08 % or more.

On August 25, 2008, the State amended its charges against Brown to two counts of class D felony operating a vehicle with a blood alcohol content of .08 % or more resulting in serious bodily injury, two counts of class D felony operating while intoxicated resulting in serious bodily injury, one count of class A misdemeanor operating while intoxicated, and one count of class C misdemeanor operating with a blood alcohol content of .08 % or more. On October 10, 2008, the trial court convicted Brown of both counts of class D felony operating a vehicle while intoxicated resulting in serious bodily injury. . . .

Brown first argues that the trial court abused its discretion by admitting evidence regarding his HGN test because the State failed to lay a proper foundation. Generally, a trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *Combs v. State*, 895 N.E.2d 1252, 1255 (Ind.Ct. App.2008). We will reverse only where

the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission of evidence constituted harmless error. *Id.*

In *Cooper v. State*, 761 N.E.2d 900 (Ind.Ct.App.2002), we stated that the proper foundation for the admission of an HGN test consists of describing the officer's education and experience in administering the test and showing that the procedure was properly administered. *Id.* at 903. Here, Trooper Krueger testified that he had attended the law enforcement academy and had completed a field training program after graduating from the academy. Part of Trooper Krueger's training included how to administer field sobriety tests, specifically the HGN test.

The HGN test consists of three stages, giving a total of six clues as to whether the defendant is intoxicated. A defendant who exhibits four clues fails the test. The record indicates, and Brown does not dispute, that Trooper Krueger performed the first stage properly. Trooper Krueger testified that he remembered checking Brown's eyes for equal tracking and resting nystagmus, and that his pupils were not unequal. The evidence most favorable to the judgment also indicates that Trooper Krueger performed the second stage correctly by holding the stimulus at twelve inches from Brown's eyes and checking for a lack of smooth pursuit. The trial court did not admit evidence regarding the third phase of the HGN test, after Trooper Krueger admitted that he failed to properly check that the whites of Brown's eyes were showing, as required by protocol. Still, Brown failed the HGN test because he exhibited four clues in the first two correctly administered stages. We cannot conclude that

the trial court abused its discretion in admitting this evidence.

*Id.* at 671–72 (footnote omitted).

In his petition for rehearing, Brown contends—and we agree—that we incorrectly described the HGN test procedures and Trooper Krueger's testimony regarding those procedures.[1] We grant Brown's petition to correct that portion of our original opinion but otherwise reaffirm it in all respects.

"The HGN test consists of three stages, giving a total of six clues as to whether the defendant is intoxicated. A defendant who exhibits four clues fails the test." *Id.* at 672. Before administering the HGN test, the investigating officer must check the suspect's eyes for equal pupil size, resting nystagmus, and equal tracking. Pet. for Reh'g at 2; Tr. at 118–21. As indicated in our original opinion, Trooper Krueger testified that he checked Brown's eyes accordingly. Tr. at 118, 186. This did not constitute the first stage of the HGN test, however, which is to hold a stimulus between twelve and fifteen inches from the suspect and check his eyes for a lack of smooth pursuit. Pet. for Reh'g at 2; Tr. at 121. Trooper Krueger testified that he held a pen "approximately twelve to fifteen inches . . . in front of [Brown's] face" and that Brown "demonstrated a lack of smooth pursuit in both eyes two times." Tr. at 113, 129.[2] The second stage of the HGN test is to check for "distinct and sustained nystagmus [at] maximum deviation[ .]" *Id.* at 122; Pet. for Reh'g at 2. Trooper Krueger testified that Brown "had distinct and sustained nystagmus [at] maximum deviation in both eyes." Tr. at 129. Trooper Krueger further testified that Brown thus exhibited four clues during the first two stages of the HGN test and therefore failed the test. *Id.* at 130. The trial court determined that Trooper Krueger did not properly conduct the third stage of the HGN test, which is to check for the onset of nystagmus prior to forty-five degrees, and therefore disregarded his testimony regarding that stage of the test. *Id.* at 128–29.

Subject to the above corrections, we reaffirm our conclusion that the trial court did not abuse its discretion in admitting Trooper Krueger's testimony regarding the first two properly administered stages of the HGN test. *See Cooper,* 761 N.E.2d at 903 ("[T]he proper foundation for admitting HGN evidence should consist of describing the officer's education and experience in administering the test and showing that the procedure was properly administered.").

MAY, J., and BROWN, J., concur.

---

1. The procedures are outlined in a manual developed by the National Highway Traffic Safety Administration.

2. In his appellant's brief, Brown "contend[ed] that the trial court erred in finding that the stimulus was twelve inches away in light of contradictions in Trooper Krueger's deposition and trial testimony." *Brown,* 911 N.E.2d at 672 n. 1. We declined Brown's invitation to reweigh the evidence in his favor. *Id.*